UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff )<br> )<br>vs. )<br> )<br> )<br>JEFFERSON HUBBS, )<br>    Defendant )<br> ) | Cause No.   4:19CR585 SRC |

DEFENDANT'S SENTENCING MEMORANDUM

Comes now the defendant, by and through counsel, and offers the Court this sentencing memorandum, outlining why a four-level increase of the defendant's base offense level pursuant to USSG Section 2K2.1(b)(6)(B) should not apply in this case:

In the "Disclosure Copy" of defendant's presentence report, the defendant objected to the probation office's determination that the defendant was entitled to a four- level increase of his base offense level pursuant to USSG Section 2K2.1(b)(6)(B) for using or possessing "any firearm in connection with another felony offense." The probation office's opinion was that an uncharged incident on July 2, 2019, where defendant is alleged to have brandished and fired a firearm, supports a four-level increase.

The probation office responded to defendant's filed objection and position that such an increase isn't warranted in the "Final Copy" of the presentence report, arguing that the four level increase is appropriate because they believe the July 2nd incident was relevant conduct and because a defendant does not need to be officially charged with a felony for a (b)(6)(B) enhancement to apply.

The plea agreement between the government and the defendant does not include a (b)(6)(B) increase. Defendant maintains that such an enhancement is not proper in this case.

Firstly, and most importantly, in order for 2K2.1(b)(6)(B) to apply, the District Court must find by a preponderance of the evidence that another felony offense was in fact committed and that the use or possession of the firearm facilitated that other offense. *U.S. v. Dixon*, F.3d 464, 465 (8th Cir. 2016)(quoting *U.S. v. Littrell*, 557 F.3d 616, 617 (8th Cir. 2009)).

In this case there is no <u>evidence</u> before this Honorable Court to support such a determination. The probation office is merely relying on a police report of an incident of July 2, 2019, and is <u>assuming</u> that report is factually valid. The report in question only establishes that unsupported allegations were made by a dubious source, a woman claiming to be the defendant's girlfriend. She says that she and the defendant had an argument, that the defendant pointed a firearm at her, and that the defendant fired shots in the air from his vehicle with a firearm. There is no physical evidence supporting these allegations. And, the defendant has denied any participation in these reported events.

Moreover, no charges, state or federal, pertaining to this alleged incident have ever been brought against the defendant. There has not been a probable cause finding that the defendant committed any crime on July 2, 2019.

While the probation office is correct that filed charges aren't a requirement for the Court to determine that a felony crime occurred, defendant submits that the lack of charges

does suggest that there exists a lack of reliable evidence that the defendant committed those offenses (hence the inaction by both state and federal prosecutors).

The defendant submits that the probation office has simply relied on unsupported allegations from a dubious source and that this does not constitute credible evidence from which the Court can make a preponderance finding necessary for a (b)(6)(B) enhancement.

Secondly, even if sufficient evidence was presented by the government (at the sentencing hearing, for example) to the court that met this burden of proof, the defendant argues that he would still not be subject to a four-level increase pursuant to 2K2.1(b)(6)(B) because the alleged July 2, 2019, incident is not relevant conduct that should be considered by the Court.

As the Notes on Use indicate, in determining whether subsection (b)(6)(B) applies, the Court must consider "the relationship between the instant offense and the other offense, consistent with relevant conduct principles. *See* §1B1.3(a)(1)–(4) and accompanying commentary."

That commentary provides:

> In determining whether subsection (b)(6)(B) applies, the threshold question for the court is whether the two unlawful possession offenses (the shotgun on October 15 and the handgun on February 10) were "part of the same course of conduct or common scheme or plan". *See* §1B1.3(a)(2) and accompanying commentary (including, in particular, the factors discussed in Application Note 5(B) to §1B1.3).
>
> If they were, then the handgun possession offense is relevant conduct to the shotgun possession offense, and the use of the handgun "in connection with" the robbery is relevant conduct because it is a factor specified in subsection (b)(6)(B). *See* §1B1.3(a)(4) ("any other information specified in the applicable guideline"). Accordingly, subsection (b)(6)(B) applies.

On the other hand, if the court determines that the two unlawful possession offenses were not "part of the same course of conduct or common scheme or plan," then the handgun possession offense is not relevant conduct to the shotgun possession offense and subsection (b)(6)(B) does not apply.

The Notes on Use illustrate that the applicable relevancy standard for determining whether "another felony offense" is relevant conduct or not is whether that offense is "part of the same course of conduct or common scheme or plan" as the charged offenses.

The probation office seems to be of the opinion that since the defendant pled guilty to possessing firearms of November 25, 2018, and July 5, 2019, and that if he indeed possessed a firearm on July 2, 2019, then all of that would be "part of the same course of conduct," i.e., defendant continuing to possess weapons.

However, that is clearly not what the Notes on Use suggest.

In the instant case, the defendant's mere possession of firearms on November 25th (in a back pack) and July 5th (recovered from an accident scene) are factually dissimilar to his alleged actions on July 2nd (a domestic incident that involve acts of weapon violence) and there is no indication that any of the weapons the defendant possessed on November 25th or July 5th were "connected with" this alleged other felony offense. Or, to look at it from a different perspective, the alleged July 2nd incident is not "a common scheme or plan" connected to the defendant possessing firearms on other occasions; it stands alone.

Defendant maintains that because of the dissimilar factual nature of the July 2nd alleged incident, it is not relevant conduct pertaining to defendant's possessing a firearm on November 25th or July 5th, and therefore a (b)(6)(B) four-level increase should not be imposed.

        Respectfully submitted,

        /s/ Terence Niehoff
        Terence Niehoff #36151MO
        Niehoff & Hufty, LLC.
        818 Lafayette
        St. Louis, MO 63104

Certificate of Service

    I do hereby certify that a copy of the foregoing was served on all parties this 18th day of September, 2020 via the ECF filing system.

        /s/ Terence Niehoff